## STATE ex BELL v EDMONDSON et

Ohio Appeals, 2nd Dist, Franklin Co

No 2189.  Decided Jan 12, 1933

Matthew L. Bigger, Columbus, for plaintiff.

Gilbert L. Bettman, Attorney General, Columbus, and Isadore Topper, Ass't Attorney General, Columbus, for defendant.

BY THE COURT

Submitted on application of plaintiff for rehearing.

We attempted to discuss the issues drawn between these parties in our decision.

We appreciate the law on the necessity for specific appropriations.  In the case of State ex Hoeffler et, plaintiffs v Griswold, Director of the Department of Public Welfare et, defendants, No. 1865, Franklin County, unreported, we had under consideration an appropriation made in House Bill No. 203, for the Institution for Feeble Minded at Apple Creek.  This was in the nature of an appropriation in somewhat general terms.  It was there claimed that the appropriation was in violation of law and the constitution.  We held that it met the test of the law, and cite **Long v Trustees, 24 Oh Ap, 261.**  The appropriation under consideration in the instant case was not specific as related to claims examiners, but it was specific as related to the department under which the claims examiners operated.

Further questions of political interference operating to cause the discharge of plaintiff, and that seniority and efficiency were not taken into consideration when she was released are urged in the memoran-dum and supplemental memorandum of plaintiff.

The first question was clearly raised on the issues joined by the pleadings but upon the taking of testimony counsel chose to offer no evidence whatever tending to establish this claim.  We feel that it is too late now to re-open a case which has already produced voluminous and extended record.

The second question was not raised by the pleadings, suggested by the evidence, nor urged by counsel at any time prior to our decision.  We feel that it is too late now, and inadvisable to reopen the case to consider a new issue.

The questions presented in this case are interesting, have been well briefed; we have given them careful consideration and determined them.  We recognize how vital the determination of this case is to plaintiff.  Any further consideration should be given by the Supreme Court of Ohio if it sees fit to admit the case.  The application for rehearing will be overruled.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.